## Hugh Brown, Administrator, *v.* William Sadler.

A third possessor of property which is subject to a mortgage and vendor's privilege—having been purchased at a probate sale of succession property—has no right to plead a want of registry of such mortgage where it appears that he was one of the subscribing witnesses to the proces-verbal of the sale of the property.

At a sale of succession property, it was bought in and the purchaser gave notes for a portion of the price. This purchaser shortly afterwards sold the property and together with the administrator left the State. Another administrator having been appointed instituted a suit against the second purchaser to recover the amount of the promissory notes, and the latter answered alleging the payment of the notes, and on trial of the case produced the notes with the name of the original vendee erased. The Court held : that where there was a charge of fraud made and substantiated as in this instance, against the administrator and original vendee, and where it also appeared that the latter was in indigent circumstances and without the means of paying the notes, in order to sustain this plea of payment, it was not sufficient for the defendant to produce the notes with the name of his vendee erased, but that he must also show an application of the price which he paid for the property to the extinguishment of the notes in the hands of the administrator, and the circumstances under which the notes came into his possession.

APPEAL from the District Court of the Parish of East Feliciana, *McVea, J. R. J. Bowman*, for plaintiff and appellant. *McVea & Hunter*, for defendant.

LAND, J. This is an hypothecary action to enforce a mortgage and vendor's privilege on certain real estate in the possession of the defendant, who claims title by virtue of a purchase from one *Ann Gair.*

The facts of the case are as follows : *James Gair* died in 1853, leaving a widow, who administered his estate as natural tutrix. On the 14th of March 1856, the property in dispute was sold at a Probate sale provoked by the administratrix, for one third cash and the balance on a credit of one and two years, with interest at the rate of 8 per cent. *per annum* from date, and was adjudicated to *Ann Gair* at the price of $1150. She paid one third of the price in cash, and gave her two promissory notes at one and two years, in equal amounts for the balance, and the notes thus given were delivered to the administratrix of the succession. And on the 20th of March 1856, ten days after the Probate sale, *Ann Gair* sold the property adjudicated to her, to the defendant for the price of

$1150 in cash; and immediately afterwards departed for Scotland, in company with the administratrix, *Catharine Gair*; neither of whom has ever returned to this State.

The plaintiff soon afterwards made application for letters of administration on the succession, and having been duly appointed, he instituted this suit against the defendant for the purpose of recovering the amount of the promissory notes given for the balance of the price of adjudication at the Probate sale.

The plaintiff alleges that *Ann Gair* was entirely without the pecuniary means to purchase the property adjudicated to her; that the sale was the result of a conspiracy between her and the administratrix to defraud the succession; that the notes were fraudulently carried by the administratrix to Scotland, or were destroyed; and that in consequence of said fraudulent acts, he has been unable to obtain possession of the notes, as administrator of the succession of *James Gair*.

The plaintiff further alleges that the defendant, *William Sadler*, was well aware from the day of the Probate sale, of the existence of the mortgage and privilege upon the property adjudicated to *Ann Gair*, to secure the payment of the promissory notes for the balance of the price, and that he purchased the property from her with full knowledge of the existence of said mortgage and privilege in favor of the succession.

The defendant after pleading in his answer a general denial, specially avers that be believes that *Ann Gair* has taken up the notes given by her for the purchase of the property, and thereby extinguished her debt to the succession, and that he will be able to prove the same on the trial of the cause.

The evidence shows that *William Sadler*, the defendant, was a subscribing witness to the proces-verbal of the sale of the property in dispute to *Ann Gair*, and that this sale is mentioned and referred to in the act of sale to himself; and the evidence further shows that the defendant, on the trial of the cause, adduced as proof of the payment alleged in his answer the notes given for the balance of the price, with the name of *Ann Gair* thereon erased. And that although the notes on their face were joint and several or *in solido*, they had been signed only by *Ann Gair*. The evidence further shows that the Probate sale of the property had not been recorded prior to the sale to the defendant, and was not recorded until the 5th day of August 1857, more than a year subsequent to the sale. And it still further shows that *Ann Gair* resided with her brother during his life time, and afterwards continued to reside with his widow, the administratrix, and that she did not possess any property before her purchase at the Probate sale already mentioned.

The questions which are raised for our decision are : first, whether the defendant, who was a witness to the proces-verbal of sale, which operated a mortgage and vendor's privilege on the property adjudicated, can plead a want of registry. And secondly, whether the plea of payment contained in the defendant's answer, (which involves a consideration of the charge of fraud against the administratrix and *Ann Gair*), is sustained by the evidence.

I. The defendant cannot plead a want of registry of the mortgage, for article 3316 of the Civil Code expressly declares, that neither the contracting parties nor their heirs, nor those who are witnesses to the act by which the mortgage was stipulated, can take advantage of the non-inscription of the mortgage.

II. The charge of fraud contained in the plaintiff's petition against the administratrix and the vendee at the probate sale, appears to be substantiated by

the evidence ; and as *Ann Gair* was in indigent circumstances, and without the means of paying the notes, the defendant should have sustained his plea of payment by other evidence in addition to the production of the notes with the name of *Ann Gair* thereon erased, He should have shown an application of the price which he paid for the property, to the extinguishment of the notes in the hands of the administratrix, and should have shown the circumstances under which the notes came into his possession.

It is against the interest of the administratrix to prove the payment of the notes to herself, and for this purpose she is a competent witness for the defendant ; and her testimony or that of other witnesses should have been adduced on the trial to prove the payment alleged in the defendant's answer, in addition to the production of the notes themselves.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed ; and it is now ordered, adjudged and decreed, that this cause be remanded to the lower court for a new trial, and for further proceedings according to law ; and that defendant and appellee pay the costs of this appeal.